UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ARTHUR FOWLER, # 323347, § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | Civil Action |
| § | No. SA-10-CA-957-XR |
| OFFICER  F/N/U PORTER, ET AL., § | |
| § | |
| Defendants § | |

# S H O W   C A U S E   O R D E R

Plaintiff Arthur Fowler's in forma pauperis 42 U.S.C. § 1983 Civil Rights Complaint alleges: He is in the custody of the Bexar County Adult Detention Center. He alleges on October 8, 2010 a detainee on the top floor of his row filled a garbage bag full of water, dropped the garbage bag to the floor below, this water wound up on the floor of Fowler's cell, and he slipped and fell hurting his back. He alleges Officer Porter was negligent for failing to warn Fowler about the water. In response to his complaints of back pain following this incident Fowler was examined on several occasions by nurses and a doctor at BCADC, however the treating health care professions could find nothing wrong with him. His requests for an MRI and a referral to a chiropractor were denied. Fowler seeks damages and "release . . so that [he] can . . . get real medical treatment."

Title 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1) require this Court to screen a prisoner's complaint submitted in forma pauperis and dismiss the complaint if the court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or because plaintiff seeks damages against an immune defendant. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual

allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A conclusory complaint, one that fails to refer to material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992), *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F. 3d 417, 426 (5th), *cert. denied*, 549 U.S. 825 (2006).

*Plaintiff's § 1983 Complaint is frivolous and fails to state a claim, and therefore is subject to dismissal, for the following reasons:*

1. A prison official may be liable under the Eighth Amendment for deliberate indifference to prison health and safety conditions only if he knows an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Negligence is not a basis for a civil rights action. *Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). At most Plaintiff's slip and fall claim is a negligence claim and not a basis for a civil rights action.

2. Plaintiff fails to allege a civil rights claim for denial of medical attention. For a prisoner to state a civil rights claim for the denial of medical attention, the prisoner must allege the prison authorities were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1978). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106. Disagreement with a health care provider's diagnosis or course of treatment is not a basis for a civil rights action. *Wesson v. Oglesby*, 910 F. 2d 278, 283 (5th Cir. 1990). Plaintiff acknowledges he was furnished medical attention in response to his complaints and his disagreement with the medical staffs' evaluation or diagnosis even if negligent is not a basis for a civil rights claim.

3. In a § 1983 civil rights action, a plaintiff must allege the defendant was personally involved in the actions he complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981). Fowler fails to allege Sheriff Ortiz was personally involved in the matters he complains of and his failure to investigate his claim or resolve his grievances to his satisfaction is not a basis for a civil rights claim.

4. To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom which caused the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A single incident is inadequate to impose liability on a municipality or county unless the incident was caused by an unconstitutional policy. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985). Fowler's Complaint fails to allege the requisite custom, practice, or policy as a basis for liability against Bexar County.

5. Plaintiff's request for release is not a remedy available in this civil rights action. In *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court held that where an inmate seeks to challenge his custody and seeks early release from confinement the inmate's sole remedy is through a writ of habeas corpus.

6. Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims require a court to examine: whether the facts a plaintiff alleges or has shown make out a constitutional violation; and whether the constitutional right allegedly violated was "clearly established" at the time the events

in question occurred. *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808, 815-16, 172 L. Ed. 2d 565 (2009). Where a plaintiff fails to show the violation of a constitutional right or the right was "clearly established" at the time, the public official is protected by qualified immunity. *Id.* at 820-23. The Defendants in their individual capacities are entitled to invoke qualified immunity and Fowler failed to allege *particular facts* sufficient to show Defendants are not entitled to qualified immunity.

Before dismissal Plaintiff is entitled to amend his Complaint. *See Neitzke v. Williams*, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). **Therefore, within twenty-one (21) days Plaintiff shall show cause why his Complaint should not be dismissed as frivolous, for failure to state a claim, or because he seeks relief from immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) by filing an amended complaint curing these deficiencies.** If Plaintiff fails to respond to this Order, this action will also be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b). Alternatively, Plaintiff may request voluntary dismissal of this case pursuant to Fed. R. Civ. P. 41(a). *This Court will defer ruling on Plaintiff's in forma pauperis motion and assessing the initial partial filing fee until the time to respond to this Order has expired, and will not assess the filing fee if Plaintiff chooses not to proceed with this case.*

**SIGNED** on November 30, 2010.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE